OTILIO SANDOVAL, Plaintiff and Appellee, *v.* ANA MARÍA MARCHAND CARRERAS, Defendant and Appellant.

No. 10560. Argued January 2, 1952.—Decided May 31, 1952.

*Ana M. Marchand Carreras* on her own behalf. *Edelmiro Martínez Rivera* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On December 12, 1942, Manuel Marchand González and Georgina Carreras acquired from Otilio Sandoval a house and lot in the town of Manatí for the price of $3,000. After the corresponding deed was executed they paid to the vendor the amount of $1,300, deferring the payment of the remaining $1,700, for the period of one year, and as security for said payment they constituted a mortgage on the immovable, in favor of the vendor, for the amount of the deferred payment of $1,700, with interest at the rate of 9 per cent per annum and a credit of $150 for costs, expenses, and attorney's fees in case of litigation.

It was stated in the deed of sale and mortgage executed in the afore-mentioned date, that the property object of the sale was encumbered by a mortgage to secure a promissory note to bearer for the amount of $2,000. The vendor expressly bound himself, in clause Eight, "to answer at maturity for the aforesaid mortgage note which encumbers the property conveyed herein, binding himself to collect, pay, and release it or deliver it to the purchaser as the case may be."

On May 3, 1943, Manuel Marchand González and Georgina Carreras, sold to Ana María Marchand Carreras, for $3,000 the afore-mentioned property. The vendors stated that they had received prior to the act of execution of the deed of sale the amount of $1,300. The purchaser reserved the amount of $1,700 in order to pay the mortgage credit

encumbering said property upon expiration. The interests up to December 12, 1943 were paid to the mortgagee by the mortgagor Manuel Marchand González. Thereafter no interests on the debt were paid nor was the debt paid at maturity.

On September 6, 1949, Otilio Sandoval instituted the present mortgage foreclosure proceeding. In opposition to the complaint, Ana María Marchand Carreras alleged that the obligation to pay the deferred price of $1,700 had been established conditioned to the previous cancellation and satisfaction by plaintiff of the promissory note to the bearer for $2,000 secured by a mortgage on the property acquired by her. She also alleged that in November 1943 she made an offer to plaintiff for the payment of the debt and the latter being unable to release the mortgage of $2,000 which encumbered his property, because he did not have in his possession the mortgage note to the bearer, refused to award a receipt, whereupon "the installment of the deferred payment of $1,700 was extended until said plaintiff could release and satisfy the obligation which he contracted of previously cancelling the referred mortgage note, without plaintiff being entitled to collect any interest whatsoever for the sum due, since the default was his own fault." Besides pleading the special defense of insufficiency of cause of action because plaintiff was not the owner of the mortgage credit claimed in the complaint, appellant filed a counterclaim alleging damages for a sum of not less than $3,000, on the ground that defendant was unable to bring about the sale of the aforesaid property, since plaintiff had not released said mortgage note, and for loss of rents because she was forced to keep the house closed.

The lower court, taking into consideration that the note to bearer as well as the mortgage securing it were cancelled on October 23, 1950, sustained the complaint as to the amount of $1,700 principal plus interest at 9 per cent per annum from December 12, 1943 until the date of judgment, amount-

ing to $1,055.70, as well as to the amount of $150 for costs and attorney's fees.

On the appeal taken by defendant on her own behalf, she contends that she is not bound to pay the amount of $1,055.70 as interest nor $150 for costs and attorney's fees, because plaintiff was in default in the cancellation of the mortgage securing the promissory note to the bearer for $2,000.

■ Although not raised in the briefs, the question for determination in the present action is whether, assuming that defendant is entitled to the stay of payment of the deferred price, pursuant to § 1391 [1] of the Civil Code, 1930 ed., until plaintiff should release the $2,000 mortgage, she was still bound to pay interest on said sum.

From the deed of sale executed when plaintiff sold the property object of this suit to the spouses Marchand Carreras, it appears that the property was subject to the mortgage of $2,000 already mentioned.[2] As to the obligation of paying interest, which is the question on which this action hinges, Manresa in commenting § 1502 of the Civil Code, equivalent to § 1391 of our Code, states:

---

[1] Said Section provides:

"Should the vendee be disturbed in the possession or ownership of the thing acquired, or should have reasonable grounds to fear being disturbed by an action for recovery or mortgage suit, he may suspend the payment of the price until the vendor has caused the disturbance or danger to cease, unless he gives security for the restitution of the price, in a proper case; or should it have been stipulated that, notwithstanding any such contingency, the vendee shall be bound to make the payment."

[2] Section 1372 of the Civil Code, 1930 ed., which is not in point, provides:

"If the estate sold should be encumbered by any nonapparent burden or easement, not mentioned in the instrument, of such a nature that it must be presumed that the vendee would not have acquired it had he been aware thereof, he may request the rescission of the contract, unless he should prefer the proper indemnity.

"During a year, to be counted from the date of the execution of the instrument, the vendee may either institute the rescissory action or request the indemnity. After the lapse of one year, he can only demand such indemnity within an equal period, to be counted from the date on which the incumbrance or easement was discovered by him."

"It has been doubted whether, if payment of the price is suspended because the vendee has made use of the right provided in the section under comment, he shall be bound to pay interest during that time. If the thing sold does not produce fruits or income, it seems doubtless that such obligation should not exist; for it does not fall within any of the cases enumerated in § 1.501. But contrariwise, if the thing sold does produce fruits or income, it is generally deemed, that since the vendee comes into the possession of the fruits, and retains on the other hand, the price, it is only fair that the vendor be compensated with the interest thereon, avoiding thereby that the vendee receive the dual profits." Vol. 10, p. 257, 1905 ed.

And Scaevola, on the same particular, states:

"There is still a third question, which has hardly any importance after what has been set forth: whether the vendee ought to pay interest on the deferred price. Of course, where said price has not been lawfully deposited, the vendee shall be bound to pay said interest, pursuant to § 1.501. If, on the contrary, the price was deposited, the rules governing compensation for damages of a procedural nature, shall prevail, and interest shall accrue from the filing of the complaint, until it becomes final, not only because of the evident default, but also because of his obstinacy, if the court, on hearing the case finds it so." Vol. 23, p. 723, 1906 ed.

It would be a "highly privileged situation" which "would thereby be very unfair" according to Scaevola, *op. cit.* p. 711 if the purchaser should enjoy both the thing and the price. That is why we consider wise the doctrine established in the afore-cited commentaries. Assuming that the vendee, defendant herein, was entitled to the suspension of payment until the cancellation of the mortgage of $2,000, in the absence of a deposit of the deferred price she was bound to pay interest on the same. Therefore, the error assigned as to the interest is nonexistent.

■■ There remains to be determined whether defendant was bound to pay the sum of $150 agreed upon for costs and attorney's fees in case of judicial claim.

Up to now we have assumed that she was entitled to the suspension of payment under the conditions already pointed out. However, this right can only exist, under the provisions of § 1391 already cited, if defendant, under the circumstances of this case, had "reasonable grounds to fear" being disturbed "in the possession or ownership of the thing acquired" by a mortgage suit. The circumstances attending herein do not show that this is one of the rare cases of bad faith on the part of the vendor to which the provisions of § 1391 of the Civil Code may be applied. The following commentary by Manresa leaves no doubt on this point:

"As to the fear of the possible filing of this last proceeding, that is, a mortgage foreclosure, we find Mr. Morell's remarks very proper, to wit: the mortgage is not valid if it is not recorded; the reasonable ground for fear may only exist if said mortgage has been recorded prior to the registration of the sale; said fear stems, therefore, either from an act prior to the sale which was made public by the Registry, and therefore known to the vendee, or from his negligence in not recording on time. Do actions imputable to the vendee, whether due to ignorance or negligence, give rise to the granting of a right in his favor? The answer is clear; only in unusual cases of bad faith on the part of the vendor may § 1.502 be invoked." Vol. 10, p. 254, 1910 ed.

Consequently, since she was not entitled to the suspension of payment, the mortgage credit, as well as the sum of $150 for costs and attorney's fees, are recoverable.

■ But in addition to the foregoing, since appellant did not assign as error that the complaint was sustained as to the main obligation, she can not complain that it was granted as to that which was a logical consequence of the action for its recovery, as stipulated when the mortgage was constituted.

Since the lower court did not commit the errors assigned,

the judgment will be affirmed; however, it will be modified in the sense of adding a pronouncement dismissing defendant's counterclaim.